

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| In re | Case No. 22-00582 |
|  | (Jointly Administered) |
| JOYCE ANNE CHANDLER, | (Chapter 11) |
|  |  |
| Debtor and | Hearing |
| Debtor-in-possession. | Date: June 26, 2023 |
|  | Time: 2:00 p.m. |
|  | Judge: Hon. Robert J. Faris |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF REORGANIZATION DATED JUNE 13, 2023**

The hearing on confirming ("Confirmation Hearing") the *Combined Plan of Reorganization and Disclosure Statement for Debtor's Plan of Reorganization Dated June 13, 2023*, filed herein as docket #75 (the "Plan"),[1] by Joyce Anne Chandler, the debtor and debtor-in-possession (the "Debtor"), was held on June 26,

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Plan.

2023, at 2:00 p.m., before the Honorable Robert J. Faris, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Hawaii ("Court"). Appearances were noted in the record.

The findings and conclusions set forth herein, together with the record of the Confirmation Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The orders entered herein constitute the Court's judgment pursuant to Bankruptcy Rule 7054, made applicable to this proceeding by Bankruptcy Rule 9014.

Having considered all of the pleadings and evidence filed in support of confirmation, all of the objections to confirmation of the Plan having been resolved, withdrawn or overruled, and based on the record in this case, the arguments and representations of counsel, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

### Filing of Petition and Judicial Notice

1.     JOYCE ANNE CHANDLER, is the debtor and debtor-in-possession in Chapter 11 case no. 22-00582, which was commenced by the filing of a voluntary

- 2 -

petition for relief under Chapter 11 of Title 11 of the United States Code on August 17, 2022 ("Chapter 11 Case") in this Court.

2.     The Court takes judicial notice of the docket of the Debtor's Chapter 11 Case, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at hearings held before this Court during the pendency of the Chapter 11 Case.

3.     The Debtor and her non-filing husband own 926 Akumu Street, Kailua Hawaii (the "Residence") and 44-102 Kalenakai, Kaneohe, HI (the "44-102 Kalenakai Property").

4.     As of the Petition Date, (1) Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2006-1 ("DB-AHM Lender") held a first mortgage against the Residence; and (2) Deutsche Bank National Trust Company, as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-9 ("DB-HV Lender") held a first mortgage against the 44-102 Kalenakai Property.

5.     As of the Petition Date, the Debtor was (a) a counterclaim defendant in a foreclosure action pending in the Circuit Court for the First Circuit Court of the State of Hawaii (the "Circuit Court"), as Civil No. 1CC141002603, with respect to the Residence, and (b) a defendant in a foreclosure action pending in the Circuit Court as Civil No. 1CC171000066, commenced by DB-HV Lender with respect to

U.S. Bankruptcy Court - Hawaii   #22-00582   Dkt # 89   Filed 07/31/23   Page 3 of 21

the 44-102 Kalenakai property, and (c) an appellant in an appeal of the Building Board of Appeals for the City & County of Honolulu's findings upholding a notice of violation relating to a retaining wall, pending in the Circuit Court, as Civil No. 1CCV-21-0001402.

6.      On September 20, 2022, the Office of the United States Trustee (the "UST") filed a statement of inability to form an unsecured creditors committee. *See* dkt. # 16.

7.      On March 17, 2023, the DB-AHM Lender filed a motion for relief from the automatic stay (the "Stay Motion"). *See* dkt. # 36-39.

8.      On April 4, 2023, the Debtor filed an opposition to the Stay Motion. *See* dkt. # 48.

9.      The Stay Motion has been continued from time to time and is currently scheduled for hearing on August 29, 2023. *See* dkt. # 85.

**Approval of Disclosure Statement, Transmittal
of Solicitation Materials, and Good Faith Solicitation**

10.      On January 27, 2023, the Debtor filed her *Combined Plan of Reorganization and Disclosure Statement for Debtor's Plan of Reorganization Dated January 27, 2023* (the "Original Plan").

11.      On January 27, 2023, the Debtor also filed her *Ex Parte Motion For Entry Of An Order (1) Conditionally Approving Combined Plan Of Reorganization And Disclosure Statement For Debtor's Plan Of Reorganization Dated January 27,*

- 4 -

*2023; (2) And Scheduling A Combined Hearing On Final Approval Of The Disclosure Statement With Plan Confirmation And Setting Deadlines*. *See* dkt. # 30.

12.     On January 31, 2023, the Court entered an *Order Granting Preliminary Approval For Combined Joint Plan Of Liquidation And Disclosure Statement And Scheduling A Combined Disclosure Statement And Confirmation Hearing* ("Solicitation Order") that, among other things, (a) preliminarily approved the disclosures in the Original Plan, (b) established April 10, 2023, as the date for the Confirmation Hearing, and (c) established procedures governing the Confirmation Hearing. *See* dkt. # 31.

13.     In accordance with the Solicitation Order, the Debtor transmitted the following items to creditors and parties in interest: (a) the Original Plan, and (b) the notice of the Confirmation Hearing.  All of said documents were transmitted to the appropriate parties on or before February 13, 2023.  *See* dkt. #31.

14.     Service of the Original Plan and other solicitation matters was adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

15.     Based on the record before the Court in this Chapter 11 Case, the Debtor and her agents, representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code Section 1125(e) in compliance with the applicable provisions

U.S. Bankruptcy Court - Hawaii   #22-00582   Dkt # 89   Filed  07/31/23   Page 5 of 21

of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

## Objections to Plan, Modification of Plan, Tabulation

16.     On March 17, 2023, the DB-HV filed an Objection to the Original Plan (the "DB-HV Objection #1").  *See* dkt. # 41.

17.     On March 22, 2023, the UST filed its *United States Trustee's Statement Regarding [the Plan]* (the "UST Objection #1").  *See* dkt. # 43.

18.     On March 24, 2023, DB-AHM filed an *Objection to [the Original Plan]* (the "DB-AHM Objection #1").  *See* dkt. # 44.

19.     On April 3, 2023, the Debtor filed her (1) *Confirmation Brief for the [Original Plan]*; (2) the *Declaration of [Debtor] in Support of Plan Confirmation;* and (3) *the Declaration of William M. Chandler In Support of Plan Confirmation*. *See* dkt. ## 45-47.

20.     On April 10, 2023, the Court denied confirmation of the Original Plan, but continued the confirmation hearing to May 22, 2023.  *See* dkt. #50.

21.     The Debtor filed her another *Combined Plan of Reorganization and Disclosure Statement for Debtor's Plan of Reorganization Dated April 24, 2023*

U.S. Bankruptcy Court - Hawaii   #22-00582   Dkt # 89   Filed  07/31/23   Page 6 of 21

(the "First Amended Plan"), along with a redline of the First Amended Plan compared to the Original Plan, both of which were served by email through the Court's ECF noticing system on counsel for DB-HV, DB-AHM, the UST, State of Hawaii Department of Taxation ("DoTax"), and all parties-in-interest that appeared in the Chapter 11 Case.

22.     On April 27, 2023, DoTax filed an objection to the First Amended Plan (the "DoTax Objection").  *See* dkt. # 60.

23.     On May 2, 2023, the UST filed an objection to the First Amended Plan (the "UST Objection #2).  *See* dkt. # 62.

24.     On May 5, 2023, DB- AHM filed an objection to the First Amended Plan (the "DB-AHM Objection #2).  *See* dkt. # 63.

25.     On May 8, 2023, DB-HV filed an objection to the First Amended Plan (the "DB-HV Objection #2").  *See* dkt. # 64.

26.     On May 15, 2023, the Debtor filed an *Omnibus Reply to Objections to [First Amended Plan]*, and Declarations of the Debtor and her husband, William M. Chandler in support of confirmation of the First Amended Plan.  *See* dkt. # 66.

27.     On May 22, 2023, the Court denied confirmation of the First Amended Plan, but continued the confirmation hearing to June 13, 2023.  *See* dkt. #71,

28.     The Debtor filed her another *Combined Plan of Reorganization and*

*Disclosure Statement for Debtor's Plan of Reorganization Dated June 13, 2023*
(the "Plan"), along with a redline of the Plan compared to the First Amended Plan, both of which were served by email through the Court's ECF noticing system on counsel for DB-HV, DB-AHM, the United States Trustee, DoTax, and all parties-in-interest that filed an appearance of record in the Chapter 11 Case. A copy of the Plan was also mailed to the Department of Permitting and Planning for the City and County of Honolulu. *See* dkt. # 77.

29.     On June 19, 2023, DB- HV, DB- AHM, and the UST filed separate objections to the Plan (collectively, the "Plan Objections"). *See* dkt. # 78-80.

30.     Adequate and sufficient notice of the modifications to the Original Plan have been given, and no other further notice, or re-solicitation of votes on the Original Plan is required. None of the modifications incorporated in the (confirmed) Plan adversely affects the treatment of any Claim or Equity Interest thereunder. The filing with the Court of the Plan constitutes due and sufficient notice thereof.

31.     All modifications to the Original Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not require additional disclosure under Bankruptcy Code Sections 1125 or 1127(a), or re-solicitation of votes under Bankruptcy Code Section 1126, nor do they require

U.S. Bankruptcy Court - Hawaii   #22-00582   Dkt # 89   Filed   07/31/23   Page 8 of 21

that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The modifications do not adversely change the treatment for the accepting Classes. Therefore, additional notice under Bankruptcy Rule 3019(a) is not required.

## Objections Resolved or Overruled

32.     The Debtor has the burden of proving the elements of Section 1129 of the Bankruptcy Code by a preponderance of evidence, and have done so as set forth herein.

33.     To the extent not resolved or withdrawn, all Plan Objections are overruled in all respects.

## Bankruptcy Code Requirements for Confirmation

34.     In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates four (4) Classes of Claims and one (1) Class of Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

35.     The Plan specifies that Classes 1, 2, 3, 4, and 5 are not impaired under the Plan, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code. Said

U.S. Bankruptcy Court - Hawaii   #22-00582   Dkt # 89   Filed  07/31/23   Page 9 of 21

Classes are deemed to have accepted the Plan because they are not impaired under the Plan.

## Treatment of Claims

36.    The holder of the Allowed Secured Deutsche Bank Claim (Akumu) (Class 1) will receive at least as much as it would receive in a case under chapter 7 with respect to those Claims.  If the assets of the Debtor were liquidated outright, Class 1 would be paid in full.  The Treatment of Class 1 is fair and equitable and does not unfairly discriminate against said Class.

37.    The holder of the Allowed Secured Deutsche Bank Claim (Class 2), will receive at least as much as they would receive in a case under chapter 7 with respect to those Claims.  The Treatment of Class 2 is fair and equitable and does not unfairly discriminate against said Classes.

38.    The holder of the Allowed City & County Claim (Class 3) will receive at least as much as they would receive in a case under chapter 7 with respect to those Claims.  The Treatment of Class 3 is fair and equitable and does not unfairly discriminate against said Classes.

39.    The holders of the Allowed General Unsecured Claims (Class 4) will receive at least as much as they would receive in a case under chapter 7 with respect to those Claims because if the assets of the Debtor were liquidated out right, said Class would not receive a distribution.  Under the Plan, Class 4 creditors

will be paid in full.  The Treatment of Class 4 is fair and equitable and does not unfairly discriminate against said Class.

## Equity Interests

40.     Allowed Equity Interest in Class 5 will retain her equity interest under the Plan.

41.     The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

## Means of Implementation

42.     The Plan provides adequate and proper means for the Plan's implementation through proceeds from the sale of the LLC Property and 44-102 Kalenakai Property.

43.     The Debtor has exercised sound and considered business judgment in the formulation of the Plan.  The Debtor has demonstrated sound business purpose and justification for the Plan.

44.     All fees payable under Section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of Section 1129(a)(12).

- 11 -

45.     Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.

46.     This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

47.     This Court has jurisdiction over these Chapter 11 Cases, pursuant to Sections 157 and 1334 of title 28 of the United States Code.  Venue is proper pursuant to Sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and has exclusive jurisdiction over all of the Debtors' assets.

**Compliance With Section 1129(a)(1)**

48.     The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a) of the Bankruptcy Code.

(a)     The Plan properly places substantially similar claims in each class and designated such classes of claims, thereby satisfying Sections 1122 and 1123(a)(1) of the Bankruptcy Code;

(b)     The Plan specifies the treatment of each Class that is not impaired, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code;

- 12 -

(c)     The Plan specifies the treatment of each Class that is impaired, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code;

(d)     The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code;

(e)     The Plan includes the adoption and implementation of all actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to and in accordance with the Plan provisions, thereby satisfying Section 1123(a)(5) of the Bankruptcy Code;

(f)     Sections 1123(a)(6) and 1123(a)(7) of the Bankruptcy Code does not apply to the Debtor;

(g)     The Plan provides for the payment of the Debtor's future rental income to make monthly mortgage payments to DB-AHM (holder of Class 1 claim), thereby satisfying section 1123(a)(8);

(h)     The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i)     The Plan is dated and identifies the Debtor submitting it as proponents, thereby satisfying Bankruptcy Rule 3016(a).

U.S. Bankruptcy Court - Hawaii   #22-00582   Dkt # 89   Filed 07/31/23   Page 13 of 21

## Compliance With Section 1129(a)(2)

49.     The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

(a)     The Debtor is a proper debtor under Section 109 of the Bankruptcy Code;

(b)     The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

(c)     The Debtor complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

## Compliance With Section 1129(a)(3)

50.     The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code. The good faith of the Debtor is evident from the facts and records of this case, the Plan, and the record of the Confirmation Hearing and other proceedings held in this case.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate.

51.     The injunctive provisions of the Plan and the Confirmation Order

- 14 -

implement the Debtor's discharge.  Moreover, the Plan provides a mechanism for parties in this case to seek relief from the injunctions.

## Compliance With Section 1129(a)(4)

52.    Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

## Compliance With Section 1129(a)(5)

53.    Section 1129(a)(5) of the Bankruptcy Code is not applicable to the Debtor because the Debtor is an individual.  .

## Compliance With Section 1129(a)(6)

54.    Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Debtor.

## Compliance With Section 1129(a)(7)

55.    The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.  The liquidation analysis provided in the Plan (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establish that each holder of a Claim or Equity Interest in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a

- 15 -

value, as of the Effective Date, that is not less than the amount that holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

### Compliance With Section 1129(a)(8)

56. Classes 1, 2, 3, 4 and 5 are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code.

57. Section 1129(a)(8) of the Bankruptcy Code has been satisfied.

### Compliance With Section 1129(a)(9)

58. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

### Compliance With Section 1129(a)(10)

59. No classes of claims are impaired under the Plan.

60. Section 1129(a)(10) of the Bankruptcy Code is not applicable to the Debtor.

### Compliance With Section 1129(a)(11)

61. The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of this Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of Section 1129(a)(11) of the Bankruptcy Code. Among other things, William M.

Chandler, the Debtor's husband, who owns the Residence and 44-102 Kalenakai Property with the Debtor, also owns 90% of the LLC which owns the LLC Property, the proceeds of which is sufficient to cure the arrears on the Residence and provide additional liquidity to make the monthly mortgage payments on the Residence.

## Compliance With Section 1129(a)(12)

62.     All fees payable under section 1930 of title 28, United States Code, as determined by the Court, have been paid or will be paid pursuant to the Plan, the terms of which are satisfactory to the Debtor and the United States Trustee, thus satisfying the requirements of Section 1129(a)(12) of the Bankruptcy Code.

## Compliance With Section 1129(a)(13)

63.     Section 1129(a)(13) of the Bankruptcy Code, which requires a plan to provide for the continuation of payment of all "retiree benefits" is inapplicable in the instant case as the Debtor does not have any such obligation.

## Other Matters

64.     The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency with standing to raise an objection pursuant to Bankruptcy Code Section 1129(d) has, in fact, raised any such objection. This is strong evidence that the principal purpose of the Plan is not tax avoidance.

U.S. Bankruptcy Court - Hawaii   #22-00582   Dkt # 89   Filed 07/31/23   Page 17 of 21

65.     All modifications to the Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not require additional disclosure under Bankruptcy Code sections 1125 or 1127(a), or re-solicitation of votes under Bankruptcy Code section 1126, nor do they require that holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

66.     Based on the record before the Bankruptcy Court in this Chapter 11 Case, the Debtor and her agents, representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

67.     The release, injunction, and exculpation provisions (as modified in the Plan Confirmation Order) contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Equity Interests and other interested parties in accordance with the requirements of due

U.S. Bankruptcy Court - Hawaii   #22-00582   Dkt # 89   Filed  07/31/23   Page 18 of 21

process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and her Estate.

68.     The information contained in the Plan and in Exhibit 1 thereto contains adequate information and that no separate disclosure statement is required under Section 1125(f)(1) of the Bankruptcy Code.

69.     Each term and provision of the Plan is valid and enforceable pursuant to its terms.

70.     The Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

71.     The Court may properly retain jurisdiction over the matters set forth in the Plan and Bankruptcy Code Section 1142 of the Bankruptcy Code.  It is appropriate for the Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Plan; (b) enforce any Assumed Executory Contracts; (c) enforce the default remedies afforded to creditors under the Plan; and (d) resolve any disputes arising under or related to the Plan.

72.     In accordance with Section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good-faith compromise of all Claims that all Holders of Claims may have with respect to any Allowed Claim or any distribution to be made on account of such Allowed Claim.

- 19 -

The compromise and settlement of such Claims embodied in the Plan are in the best interests of the Debtor, the Estate, and all Holders of Claims, and are fair, equitable, and reasonable.

73.     Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

74.     Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT CONCLUSIONS OF LAW**

Approved as to form:

_____
Neil J. Verbrugge, Esq.
Counsel for Office of U.S. Trustee


_____
David McAllister, Esq.
Counsel for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE
LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-9 and DEUTSCHE
BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE FOR
AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-1



_____
Cynthia M. Johiro, Esq.
Counsel for Department of Taxation, State of Hawaii

- 20 -

Submitted by:

CHOI & ITO
Attorneys at Law
CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
Email:  cchoi@hibklaw.com;
aito@hibklaw.com
Counsel for Debtor and
Debtor-in-Possession